UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 05-21306-TLM |
| VICKI J. FEHRS, ) | |
| fka VICKI HEARD, ) | |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| ) | |
| FORD ELSAESSER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 07-07033-TLM |
| ) | |
| VICKI J. FEHRS, ) | |
| fka VICKI HEARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION
ON MOTION TO ALTER OR AMEND**
_____

**INTRODUCTION**

Chapter 7 trustee, Ford Elsaesser ("Trustee"), the Plaintiff in Adv. No. 07-

07033-TLM, filed a motion to alter or amend the Court's judgment dismissing his

MEMORANDUM OF DECISION - 1

complaint under § 727(d)(2) to revoke the discharge granted to Vicki J. Fehrs ("Debtor"). *See* Doc. No. 32 ("Motion").

The Court heard oral argument on the Motion, and Debtor's opposition thereto, at a hearing on September 2, 2008. Having carefully considered the legal arguments and applicable authorities, the Court here enters its findings and conclusions. Fed. R. Bankr. P. 7052, 9014.

## BACKGROUND AND FACTS

Only a brief recitation of the factual context is required, and virtually all of it is extracted from the Court's Memorandum of Decision, Doc. No. 30 ("Decision"), that immediately preceded the judgment, Doc. No. 31 ("Judgment").

Debtor purchased and owned property located at 117 Terrill Loop in Mullan, Idaho (the "Terrill Loop Property"). On April 20, 2005, she recorded a quitclaim deed transferring the Terrill Loop Property to her son, Jae Avery ("Avery"), for consideration of one dollar. Four months later, on August 29, 2005, Debtor filed a chapter 7 bankruptcy petition commencing Case No. 05-21306-TLM. She did not claim the Terrill Loop Property as an asset (*i.e.*, as § 541(a) property of the estate), nor did she disclose in her statement of financial affairs the transfer by quitclaim deed to her son. She did disclose the transfer in response to creditor questioning at her § 341(a) meeting and examination.

Debtor's discharge was granted, in the absence of any objection, on

MEMORANDUM OF DECISION - 2

November 23, 2005. After discharge, on March 9, 2006, a warranty deed was executed conveying the Terrill Loop Property to the Johansens. Avery was the grantor under the warranty deed, which was signed by Debtor as Avery's attorney in fact. Debtor kept virtually all the proceeds of $44,997.43 (net of closing costs) from this sale, giving only $200.00 to her son. Debtor used $23,792.13 of the proceeds to buy real property in Spokane Valley, Washington, and spent the balance.

Trustee and creditor Abel O. Murrietta each filed a complaint seeking revocation of Debtor's discharge pursuant to §§ 727(d)(1) and (2). *See* Adv. No. 06-07020-TLM; Adv. No. 07-07033-TLM. Trustee also sued Debtor to avoid Debtor's transfer of the Terrill Loop Property to Avery as a fraudulent transfer under §§ 548(a)(1)(A) and (B). *See* Adv. No. 07-07032-TLM.

The Court's Decision found and concluded that all § 727(d) causes of action would be dismissed. Specifically, it found that Trustee's § 727(d)(1) cause of action was time-barred under § 727(e)(1). It also found that, while Murrietta's § 727(d)(1) complaint was not time-barred and while he proved that Debtor's discharge was "obtained through fraud" under § 727(d)(1), Murrietta failed to prove that he did not know of the fraud until after the discharge was granted.

In regard to the instant adversary proceeding and Trustee's § 727(d)(2) cause of action, the Court found that Trustee failed to prove a requisite element –

MEMORANDUM OF DECISION - 3

that the Debtor acquired "property of the estate" which she knowingly and fraudulently failed to disclose or deliver to Trustee.[1] In particular, the Court concluded that Trustee failed to show that the Terrill Loop Property was property of the estate on the date of filing, August 29, 2005, given the quitclaim deed of April 20, 2005. Thus the proceeds from the sale of that property were not shown to be property of the estate. Further, the Court concluded that property allegedly fraudulently transferred is not property of the estate under §§ 541(a)(1), (3) or (4) until the transfer is avoided and recovery has been established.

Judgment was entered based upon the Court's Decision.

## DISCUSSION AND DISPOSITION

### A.    The Motion is timely

Trustee brought his Motion under Fed. R. Civ. P. 59(e), incorporated by Fed. R. Bankr. P. 9023. Rule 59 states that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The Motion here was timely.

### B.    Trustee asserts manifest error of law

A motion to alter or amend a judgment under Rule 59(e) is appropriate only if the moving party clearly establishes (1) manifest error of fact, (2) manifest error

---

[1] Murrietta's § 727(d)(2) contentions suffered the same fate, but Murrietta did not file a motion to alter or amend the judgment and did not join in Trustee's Motion.

MEMORANDUM OF DECISION - 4

of law, or (3) newly discovered evidence. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007); *Hale v. United States Tr. (In re Basham)*, 208 B.R. 926, 934 (9th Cir. BAP 1997); *In re Wilson*, 349 B.R. 831, 834 (Bankr. D. Idaho 2006); *Oldemeyer v. Couch-Russell* (*In re Couch-Russell*), 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004); *In re Moore,* 01.4 I.B.C.R. 134, 135 (Bankr. D. Idaho 2001); *Krommenhoek v. Covino (In re Covino)*, 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 140-41 (Bankr. D. Idaho 1999).

Trustee urges only the ground of manifest error of law. He argues in the Motion that a "resulting trust" arose in favor of the Debtor under Idaho law at the time she executed and recorded the quitclaim deed transferring the Terrill Loop Property to her son, Avery. He argues the beneficial interest in the real property, the res of this resulting trust, was property of the estate.

The nature of this Motion has challenged counsel for both parties. They have struggled in briefing and at hearing with arguments over the nature of the transfer by quitclaim deed, largely because the same are fundamentally inconsistent with the arguments they made and the approaches they took to the evidence at the time of trial.

The precise question before the Court, however, is not whether the evidence could support a legal conclusion that a resulting trust was created. Rather, under a Rule 59(e) motion such as is presented here, the question is whether this new legal

MEMORANDUM OF DECISION - 5

theory should be entertained.

### C. Authorities

> While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona* [*Enters., Inc. v. Estate of Bishop*], 229 F.3d [877 (9th Cir. 2000)] at 890 (citations omitted).  A *Rule 59(e) motion may not be used to raise arguments* or present evidence *for the first time when they could reasonably have been raised earlier in the litigation. Id.*

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (emphasis added).  *Carroll* found a Rule 59(e) motion, in which a party "raised two new issues to justify reconsideration, neither of which was previously raised or briefed before the district court," 342 F.3d at 939, was properly denied by the trial court. *Id.* at 945. The court observed that the arguments could have been raised and argued, and that the motion's post-judgment invocation of those theories was "to remedy [that party's] own legal and strategic shortcomings[.]" *Id.*

In addressing Rule 59(e) motions based on allegations of manifest error of law, the Ninth Circuit has also stated:

> If [the movant's] attorneys did not discover [an] argument until [after entry of judgment], the district court should not be expected to have done so for them. . . .
>
> Without establishing that he presented the . . . argument to the district

MEMORANDUM OF DECISION - 6

> court before summary judgment, [the movant] cannot point to clear error on the part of the district court[.]

*389 Orange St. Partners v. Arnold*, 179 F.3d 656, 664-65 (9th Cir. 1999). Raising an argument for the first time in a motion for reconsideration is "simply too little, too late." *Id*. *Accord*, *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (court has broad discretion to refuse to consider an argument raised for the first time in a Rule 59(e) motion).

Similarly, in *Ward v. Sorrento Lactalis, Inc.*, 2005 WL 1378767 (D. Idaho June 3, 2005), Ninth Circuit Judge T. G. Nelson, sitting by designation in the Idaho District Court, denied a Rule 59(e) motion. The court had granted summary judgment to the defendant, finding that Idaho Code § 72-209(3) precluded the subject claim. The plaintiff moved for reconsideration, arguing for the first time in the litigation that § 72-209(3) did not apply to the claim at all. Judge Nelson identified the possible grounds for Rule 59(e) relief: whether there was newly discovered evidence, whether the court had committed "clear error" or whether there was an intervening change in controlling law. In denying the motion, he stated:

> Plaintiff argues solely for clear error.
>
> The Court did not clearly err when it granted summary judgment. It is debatable whether the Idaho workers' compensation law covers injuries of the sort Plaintiff alleges in this case. . . . *It is not debatable, however, that the plaintiff failed to raise this argument until now. Plaintiff is not entitled to a second bite at the apple through a motion*

MEMORANDUM OF DECISION - 7

*for reconsideration.*

*Id.* at *1 (emphasis added) (citing *Carroll*, 342 F.3d at 945; *Kona Enters.*, 229 F.3d at 890).

This Court has similarly held that Rule 59(e) is not a vehicle "to present the case under a new legal theory, or give [the] moving party another 'bite of the apple' by permitting arguing of issues that could and should have been raised prior to judgment." *In re Moore*, 01.4 I.B.C.R. at 135 (citing *In re McNichols*, 255 B.R. 857, 860 (Bankr. N.D.Ill. 2000)).

### D.   Application of authorities

The Court has examined carefully Trustee's pleadings, briefing and arguments up to the close of trial and submission of the adversary proceeding for decision. Trustee at no time argued that Debtor's transfer of the Terrill Loop Property was only of her legal interest, and that Debtor retained a beneficial interest that constituted property of the estate.[2] Trustee did not raise the issue of a "resulting trust" under Idaho law until after the Decision and Judgment were entered.

To be sure, Trustee's contentions as to how the "property of the estate" element of § 727(d)(2) was met were never very clear. There seemed to be a tacit

---

[2] In fact, Trustee derided Debtor's assertions that this property was not "really" transferred, noting her testimony to the contrary at the § 341(a) meeting and her familiarity with the process of, and with the documents used in, transfers of real property.

MEMORANDUM OF DECISION - 8

assumption made, without rigorous analysis, that the Terrill Loop Property or its proceeds constituted property of the estate.[3] The Court's discussion of the conflicting case authorities regarding the treatment of property that was purportedly fraudulently transferred, *see* Doc. No. 30 at 27-30, was an attempt to analyze the only legal theory it could identify that both fit the evidence presented by Trustee and the legal arguments advanced.[4]

Based on the Rule 59(e) authorities, the Court concludes Trustee is bound by his legal and strategic decisions in trying this adversary proceeding.[5] He cannot now "present the case under a new legal theory" of resulting trust, having failed to raise such a theory prior to judgment. The Court committed no clear error in addressing what was presented, and the "manifest error of law" prong of Rule

---

[3] For example, even though this § 727(d)(2) element is identified in Trustee's pretrial briefing, how the provision applies under the facts of this case receives treatment in but a single paragraph, and that Debtor obtained property of the estate is stated in only conclusory terms. *See* Doc. No. 23 at 11-12.

[4] Trustee's legal arguments included the following, made in connection with transfer avoidance: "Other courts have said that § 548's 'transfer of an interest of the debtor in property' requirement means the property transferred *would have been property of the estate under § 541, had it not been transferred* prior to the bankruptcy petition being filed." Doc. No. 23 at 5 (emphasis added). When Trustee noted that, post-transfer, Debtor continued to maintain possession and control of the property and to live there, *id.* at 6, this was asserted by him as an indicia of Debtor's fraudulent intent. When addressing this same point in connection with § 727(d)(2) in oral argument following the close of evidence, Trustee's counsel stated: "Again, we have the debtor controlling[,] exercising most incidents of ownership of the property [on] Terrill Loop. *That should've been property of the estate but for the fraudulent transfer to her son.*" Doc. No. 35 (trial transcript) at 149, lines 13-16 (emphasis added).

[5] The basic concept is not foreign to Trustee, who argued in regard to the Debtor's possible assertion of § 727(e) as a bar to Trustee's § 727(d) causes: "It seems it's a little late in the ball game for them to bring that up." Doc. No. 35 at 145, lines 8-9.

MEMORANDUM OF DECISION - 9

59(e) does not support the Motion.

**CONCLUSION**

For the reasons stated, the Court concludes Trustee's Motion to alter or amend the Judgment, Doc. No. 32, will be denied. The Court will enter an order accordingly.

DATED: September 26, 2008



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE